IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 9, 2022

## MARLON JERMAINE JOHNSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County
No. 2007-D-2928    Jennifer Smith, Judge**
_____

### No. M2021-00679-CCA-R3-HC
_____

The Petitioner, Marlon Jermaine Johnson, acting pro se, appeals the Davidson County Criminal Court's summary dismissal of his petition for habeas corpus relief from his convictions for the sale of less than .5 grams of cocaine in violation of Tennessee Code Annotated section 39-17-417(c)(2)(A) and for possession with intent to sell .5 grams or more of cocaine in violation of Tennessee Code Annotated section 39-17-417(c)(1). On appeal, the Petitioner argues his sentence is illegal because the trial court entered his judgment incorrectly, resulting in errors on the face of the judgment. Upon our review, we affirm the judgment summarily dismissing the petition for writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

Marlon Jermaine Johnson, London, Kentucky, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Glenn Funk, District Attorney General; and, Shannon Poindexter, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The record shows that on October 23, 2007, the Petitioner was indicted by a Davidson County Grand Jury of possession of drug paraphernalia (Count 1), theft of property valued at five hundred dollars or less (Count 2), sale of less than .5 grams of cocaine in a drug-free zone (Count 3), and possession of .5 grams or more of cocaine with intent to sell in a drug-free zone (Count 4). See Tenn. Code Ann. §§ 39-17-425 (possession of drug paraphernalia); 39-14-103 (theft of property); 39-17-417 (c)(2)(A) (sale of less than

.5 grams of a controlled substance); 39-17-417(c)(1) (possession with intent to sell .5 grams or more of a controlled substance). On April 3, 2008, the Petitioner, represented by counsel, filed a petition to enter a guilty plea, reflecting the terms of a plea agreement with the State. The plea petition paperwork, signed by the Petitioner, outlined each of the offenses and the respective penalties as charged in the indictment. Based on the terms of the plea agreement, the Petitioner agreed to enter a guilty plea to the reduced charges of sale of less than .5 grams of cocaine (Count 3) and to possession of .5 grams or more of cocaine (Count 4). The Petitioner further agreed to be sentenced as a Range I offender to a consecutive term of four and ten years, respectively, for an effective fourteen-year sentence. The State agreed to dismiss the remaining charges, to align the sentence of this case concurrently to another unrelated case, and to recommend the Petitioner be placed in drug court.

At the guilty plea hearing held on the same date as reflected on the plea paperwork, the trial court read the charges listed in the indictment before addressing the Petitioner's signed guilty plea petition. The trial court asked the Petitioner if he signed the petition paperwork freely and voluntarily, whether he had gone over the agreement with his attorney prior to signing it, and whether he thought he understood it. The Petitioner answered affirmatively to these questions. The trial court specifically advised the Petitioner that Count 3 "is the sale. It will carry 8 to 30 years." The trial court also advised the Petitioner "Count 4 is possession. It will carry 15 to 60 years." The trial court then asked the Petitioner if he understood that he was waiving his right to a trial and his right to an appeal. The Petitioner answered, "Yes." The State then presented the facts as they would have been presented at trial:

> [O]n June 1st of 2007, a detective with the Metropolitan Nashville Police Department arranged for a co-defendant to purchase $40 worth of crack cocaine at a residence located at 1619 8th Avenue North here in Nashville, Davidson County, Tennessee.
>
> When that co-defendant did not return to the detective as agreed, the officers obtained a consent to search that residence from the actual leaseholder.
>
> [Petitioner] was in a locked bedroom with another co-defendant and a juvenile co-defendant. [Petitioner] was found to be in possession of 12.4 grams of cocaine in a baggy that was located on his person. Also in the room was a bundle of $519 in cash and a loaded weapon.
>
> After being read his Miranda rights, [Petitioner] admitted that the money was his and that that bundle of money contained $20 of the buy money

that was originally given to the [Petitioner] that did not return to the detective's car.

The trial court asked the Petitioner if the facts were basically true and correct and if the Petitioner understood what he was pleading to. The Petitioner answered, "Yes" to both questions. The trial court then asked for the Petitioner's plea:

Trial Court: In Count 3, wherein you are charged with possession, what is your plea, sir; guilty or not guilty?

Petitioner: Guilty.

Trial Court: Upon the factual basis of the plea, you are pleading voluntarily, and the judgment is you should be sentenced to the Department of Corrections for a period of 4 years as a Range [I] standard offender at 30 percent. Count Number 4, wherein your charged with possession, what's your plea, sir; guilty or not guilty?

Petitioner: Guilty.

Upon concluding the Petitioner's guilty plea was entered knowingly and voluntarily, the trial court accepted the terms of the guilty plea agreement and sentenced the Petitioner accordingly. The judgments reflect the same and show that the Petitioner entered guilty pleas in Count 3 to the amended charge of sale of a Schedule II controlled substance under .5 grams, a Class C felony, and was sentenced to four years, to be served consecutively to Count 4. The judgment also shows the Petitioner entered a guilty plea in Count 4 to the amended charge of possession of .5 grams or more of a Schedule II controlled substance, a Class B felony, and was sentenced to 10 years, to be served consecutively to Count 3.

Almost thirteen years after entry of the Petitioner's guilty plea, on March 22, 2021, the Petitioner filed a pro se petition for writ of habeas corpus in the Davidson County Criminal Court. The record does not reflect that the Petitioner pursued any post-conviction relief prior to filing the instant petition for habeas corpus relief. In his petition for writ of habeas corpus, the Petitioner claimed his sentence was illegal because the trial court applied the wrong statute to Count 4 on his judgment sheet. The Petitioner asserted the judgment in Count 4 incorrectly showed that he entered a guilty plea to "possession with intent," a Class B felony, when in reality, he believed he entered a guilty plea to "simple possession," a Class A misdemeanor. Consequently, the Petitioner asked to "withdraw his plea and stand trial on [the] original charges, or [to] enter into [a] legal plea agreement."

- 3 -

The habeas corpus court dismissed the petition without a hearing on May 27, 2021, stating:

> The amended judgments entered on December 12, 2012, are clear that, "[t]he Probation/Community Corrections is revoked and the previously imposed judgment [i.e., the original judgment in Petitioner's case] is placed into effect, total effective sentence: 14 years @ 30%." The original judgments reflect the following conviction offenses: "Sale Sch. II u/ .5 g.," "T.C.A. # 39-17-417," "Class C felony" and "Poss. Sch. II c/s o/ .5 g.," "T.C.A. # 39-17-417," "Class B felony." It is thus not apparent on the face of the judgments that the Petitioner's sentence is void.[1]

The habeas court also examined the Petitioner's claims as a motion to correct an illegal sentence under Rule 36.1 of the Tennessee Rules of Criminal Procedure:

> Additionally, the Petitioner relies on Rule 36.1 of the Tennessee Rules of Criminal Procedure which states, "an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). To avoid summary denial of a request to correct an illegal sentence brought under Rule 36.1, a petitioner must state a colorable claim that the sentence imposed is in fact illegal. State v. John W. Smith, No. M2015-01616-CCA-R3-CD, 2016 WL 721526, at *1 (Tenn. Crim. App. 2016). A colorable claim is one which, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Id. (citing State v. Wooden, 478 S.W. 3d, 585, 592 (Tenn. 2015)). The range of punishment for a Range I offender is eight to twelve years for a Class B felony and three to six years for a Class C felony. See Tenn. Code Ann. § 40-35-112(a)(1). Petitioner's ten-year and four-year sentences do not exceed the maximum punishment authorized by the statute for the offense. Thus, Rule 36.1 also provides no basis for relief.[2]

The Petitioner filed a timely notice of appeal on June 16, 2021.

---

[1] We glean from the order of the habeas court that on December 12, 2012, the habeas court, acting as the trial court, sustained a Community Corrections violation against the Petitioner and placed his fourteen-year sentence into effect.

[2] The Petitioner did not raise this issue on appeal to this court; accordingly, we decline to address it herein.

## ANALYSIS

The Petitioner argues his sentence is illegal because the trial court entered the judgment with respect to Count 4 incorrectly. He claims that the judgment reflects that he pleaded guilty to "possession with intent" under Tennessee Code Annotated section 39-17-417 when, in reality, he believed he was pleading to "possession only." Because the Petitioner believed he was pleading to simple possession, governed by section 39-17-418, he argues that the trial court applied an incorrect statute during sentencing, making his judgment facially void. In response, the State contends the Petitioner has failed to state a colorable claim for habeas corpus relief. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see Tenn. Code Ann. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529; Archer, 851 S.W.2d at 161-64). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is

- 5 -

entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Summers, 212 S.W.3d at 261; Hickman, 153 S.W.3d at 20. "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

Upon review, the habeas court's summary dismissal of the Petitioner's petition for writ of habeas corpus was proper because the Petitioner has failed to show that his judgment was void. In the instant case, the Petitioner acknowledges that his sentence is currently "active" but that he is entitled to habeas relief because his sentence is illegal. However, there is nothing on the face of the judgment to suggest the trial court lacked jurisdiction to sentence the Petitioner. To be clear, the Petitioner entered a plea agreement which reduced the charged offense in Count 4 from possession of .5 grams or more of a controlled substance in a school zone, a Class A felony, to possession of .5 grams or more of a controlled substance, a Class B felony. The Petitioner received a ten-year sentence for his possession of .5 grams or more of a controlled substance conviction in Count 4, clearly within the statutory bounds for an offense under section 39-17-417(c)(1). See Tenn. Code Ann. § 40-35-112 (providing that a Range I offender may be sentenced between eight and twelve years for a Class B felony).

Moreover, the Petitioner's claim essentially challenges the knowing and voluntary nature of his guilty plea, which is not cognizable under habeas corpus because such claims require proof beyond the face of the record or judgment, rendering the judgment voidable only. See Brown v. State, No. E2004-02496-CCA-R3-HC, 2005 WL 1130223, at *1 (Tenn. Crim. App. May 13, 2005) ("claims of involuntary or unknowing guilty pleas [and] nonconformity of the judgments with the plea agreement . . . if established, would render the judgments voidable and not void"); Adams v. Qualls, No. M2014-00174-CCA-R3-HC, 2014 WL 3895993, at *1 (Tenn. Crim. App. Aug. 11, 2014) ("[T]he Appellant's claim that he entered a[n] involuntary guilty plea because he received the ineffective assistance of counsel is not an appropriate claim; it is merely a claim that the judgment of his conviction may be voidable, which is not a cognizable claim for habeas corpus relief."). This Court has noted that allegedly improper guilty pleas should be challenged through a post-conviction relief petition rather than a petition for writ of habeas corpus. State v. Anglin, No. 01C01-9312-CC-00423, 1994 WL 379119, at *1-2 (Tenn. Crim. App. July 21,1994)

(citing <u>Archer</u>, 851 S.W.2d at 164).  Accordingly, the Petitioner has failed to demonstrate that his judgment is void or that his confinement is illegal.  He is not entitled to habeas corpus relief.

## CONCLUSION

Based on the above reasoning and authority, we affirm the judgment of the habeas corpus court summarily dismissing the petition.

_____
CAMILLE R. MCMULLEN, JUDGE